IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IVAN R.,<br><br>    Claimant,<br><br>  v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>    Respondent. | No. 21 C 6868<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Ivan R.[1] ("Claimant") appeals the final decision of Respondent Martin O'Malley,[2] Commissioner of the Social Security Administration ("Commissioner"), denying his application for supplemental security income. For the reasons set forth below, Claimant's Motion for Summary Judgment [ECF No. 13] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 14] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his or her full first name and the first initial of the last name.

[2] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

## BACKGROUND

On May 18, 2020, Claimant protectively filed an application for supplemental security income, alleging a disability beginning on January 1, 2009. (R.13). His claim was denied initially and on reconsideration, and Claimant then requested a hearing. (R.13). Administrative Law Judge ("ALJ") Janice Bruning held a telephone hearing on June17, 2021, and issued a decision on July 14, 2021, finding Claimant was not disabled. (R.13-26). The Appeals Council declined to review the ALJ's decision (R.1-6), and therefore, the ALJ's decision is considered the final decision of the Commissioner. Judicial review of that final decision by this Court is authorized by the Social Security Act, 42 U.S.C. § 405(g).

## DISCUSSION

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for

determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

In this case at step one, the ALJ found that Claimant had not engaged in substantial gainful activity since May 18, 2020, the application date. (R.15). At step two, the ALJ found Claimant has the following severe impairments: bipolar disorder, borderline intellectual functioning, attention deficit disorder, schizoaffective disorder, and history of learning disorder. (R.15). At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R.16). The ALJ then determined Claimant has the RFC "to perform a full range of work at all exertional levels but with the following non-exertional limitations: understand, remember, carry out and sustain no more than routine tasks and not engage in any complex tasks; not engage in work where a machine sets the pace of work; no public contact for work purposes and no more than occasional contact with coworkers and supervisors for work purposes; and no teamwork situations (should not work with others to complete the same job task(s)) but is able to work independently." (R.19). At step four, the ALJ found Claimant does

not have any past relevant work. (R.27). At step five, the ALJ found that jobs exist in significant numbers in the national economy that Claimant can perform, and thus he is not disabled. (R.27-28).

Claimant asserts three arguments challenging the ALJ's decision, including: (1) the ALJ did not properly assess the paragraph B findings and did not accommodate all of Claimant's mental limitations in the RFC; (2) the ALJ improperly assessed the medical opinion evidence and rejected the opinion of Claimant's treating psychiatrist; and (3) the ALJ erred in her assessment of Claimant's subjective complaints and third-party statements. Claimant's arguments are related, and he essentially contends that the RFC determination is not supported by substantial evidence because the ALJ improperly evaluated his daily activities, the medical opinion evidence, and his subjective symptoms and complaints. The Court agrees with Claimant that remand is required.

In his first argument, Claimant challenges the RFC determination, arguing the ALJ did not properly assess the paragraph B findings and did not accommodate all of Claimant's mental limitations in the RFC. Claimant's Motion [ECF No. 13], at 6-11. The RFC is the "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *Madrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022); *Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020). The RFC is a determination of the maximum work-related activities a

4

claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004) (citations omitted). Social Security regulations require that the RFC assessment is "based on all the relevant evidence in the record." *Id.* at 1001, citing 20 CFR § 404.1545(a)(1).

In this case, the ALJ found Claimant had severe psychological impairments, including bipolar disorder, borderline intellectual functioning, attention deficit disorder, schizoaffective disorder, and history of learning disorder (R.15), which means these impairments imposed significant limitations on Claimant's ability to function. The ALJ addressed the four broad categories of mental functioning set out in the disability regulations for evaluating mental disorders (which are known as the "paragraph B" criteria) and concluded that Claimant only had only mild or moderate limitation notwithstanding his severe mental impairments. (R.16-18). Specifically, the ALJ found Claimant had a mild limitation in the area of understanding, remembering, or applying information and moderate limitations in the other three areas including adapting or managing oneself, interacting with others, and concentrating, persisting, or maintaining pace. (*Id.*).

When evaluating the four areas of mental functioning, Social Security regulations provide that an ALJ should investigate how an impairment interferes with a claimant's ability to function independently, appropriately, effectively, and on a sustained basis, as well as the quality and level of overall functional performance, any episodic limitations, the amount of supervision or assistance required, and the settings in which a claimant is able to function. 20 C.F.R. § 404. 1520a(c)(2). Claimant

5

contends that the ALJ's assessment of the paragraph B criteria was faulty and did not account for all of Claimant's mental deficits. Specifically, the ALJ found:

> While the claimant claims he cannot start a lawn mower, he has ability to understand, remember and apply information and concentrate, persist and maintain pace to operate it per testimony and Exhibits 3E, 4E. He can also use a vacuum cleaner and help with the laundry (Ex. 1F/2). He has ability to understand, remember and apply information and concentrate, persist and maintain pace to fold laundry (Ex. 10E) and clean his room (Ex. 3E, 4E). The claimant claims he loses his memory (Ex. 3E, 4E) but it is not documented in the record especially if takes his medication and the record shows he has good memory (Ex. 2F, 3F/6) and can pay attention (Ex. 8F). Further, he can complete tasks as reported to the consultative examiner including cook, clean, shop, use a telephone, play video games, and pay bills (Ex. 8F). He has ability to understand, remember and apply information and concentrate, persist and maintain pace to learn how to remember and focus on playing videogames (Ex. 1F/2, 8F, 3E, 4E), as well as can follow a schedule (Ex. 1F/2). He can understand, remember and apply information and concentrate, persist and maintain pace to learn and care for farm animals including chickens such as feeding and collecting eggs (Ex. 3E, 4E) and care for pigs and cows (Ex. 6F/54).

(R.16-17). The Court agrees with Claimant that the ALJ's analysis is deficient. The ALJ relies significantly on Claimant's activities of daily living to support her determination that Claimant is capable of "sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Yet, the ALJ does not address the context in which Claimant performs his daily activities, including the quality and level of overall functional performance, any limitations, the amount of supervision or assistance required, and the settings in which he is able to function. The ALJ stated she would conduct a more detailed assessment of Claimant's mental functioning for purposes of determining RFC but she never did, or at least that more detailed analysis does not appear in her decision. (R.18-19).

6

There is evidence in the record that suggests Claimant would have some functional limitations, and the ALJ "may not ignore entire swaths of it that point toward a finding of disability." *Lothridge v. Saul*, 984 F.3d 1227, 1234 (7th Cir. 2021); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). The record shows that Claimant received help from his family and required supervision, and it is not clear to the Court if the ALJ considered the support he received from family or any supervision needed. There is a difference between being able to perform activities of daily living while obtaining help from others as needed or working at one's own pace and being able to engage in substantial gainful activity. *See RuthAnn G. v. Saul*, 2021 WL 2349671, at *9 (N.D. Ind. June 9, 2021) (citing *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)). If the ALJ did consider these factors, she does not explain how she did so, and the Court cannot speculate. Therefore, remand is required.

In his second argument, Claimant contends that the ALJ improperly assessed the medical opinion evidence and erred in rejecting the opinion of Claimant's treating psychiatrist, Dr. Raya Gorrepati, M.D. Claimant's Motion [ECF No. 13], at 13-15. As to Dr. Gorrepati, the ALJ found the opinion "to be unpersuasive as it does not provide any explanation or refer to specific treatment notes or events to support it. Rather, Dr. Gorrepati just checked off items and failed to give examples or discuss how he determined the limitations checked off. Further as noted above, the treatment notes

7

from this doctor show normal mental status exams." (R.26). The Court finds this explanation to be misleading as there certainly is evidence in the record that would support some of the limitations Dr. Gorrepati identified, even though she did not identify them on the form she completed. In essence, the ALJ rejected the opinion of Claimant's treating physician because it lacked explanation. Yet, when considering the opinion of Dr. Ana A. Gil, who performed a consultative examination of Claimant, the ALJ did the exact same thing. Specifically, the ALJ concluded that "the consultative examination corroborates the diagnoses and the RFC provided" (R.24), but she did not provide any explanation *how or why* Dr. Gil's examination corroborated the RFC. In addition, Dr. Gil noted that she observed evidence of psychosis in her examination. (R.24). The ALJ did not address that finding.

The law is clear that an ALJ is not required to address every piece of evidence or testimony presented. *Gedatus v. Saul*, 994 F.3d 893, 901 (7th Cir. 2021) ("True, the ALJ's summary does not mention every detail. But it need not."). But, as discussed above, it also is well-settled that an ALJ cannot cherry pick which evidence to evaluate and disregard other relevant evidence. *Scrogham v. Colvin,* 765 F.3d 685, 696-99 (7th Cir. 2014). Although the ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, she must build a logical bridge from the evidence to her conclusion. *Warnell v. O'Malley*, 97 F. 4th 1050, 1054 (7th Cir. 2024); Minnick *v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). Here the ALJ rejected the opinion of Claimant's treating psychiatrist because she provided her opinion on a form with check boxes without citation to the record, and the ALJ, in

turn, relies on evidence of normal mental examinations and disregards other contrary evidence in the record. The ALJ also fails to provide any explanation as to how "the consultative examination corroborates the diagnoses and the RFC provided." (R.24). Further, after evaluating all of the medical opinion evidence, the ALJ ultimately added more limitations because the record shows Claimant "still received treatment and takes medication but some symptoms persist." (R.25). It is not clear what limitations the ALJ added to the RFC and which symptoms persisted that the ALJ is accommodating. In the Court's view, the ALJ's analysis of the medical evidence lacks clarity and explanation which prevents meaningful review, and therefore, remand is required.

Lastly, Claimant argues the ALJ erred in her assessment of Claimant's subjective complaints and the third-party statements from his mother and sister-in-law. Claimant's Motion [ECF No. 13], at 11-13. Specifically, the ALJ found the mother's function report was unpersuasive because "it is not consistent with the function-by-function analysis used by the Social Security Administration to determine disability." (R.25). The ALJ also noted that Claimant's mother "is not a medical professional or impartial third party." (R.25). In the Court's view, it is error to rely on these justifications to reject the third-party statements in this case. The Social Security Administration recognizes the importance of statements from family members. 20 C.F.R. § 404.1545(a)(3) (permitting claimant to submit "descriptions and observations" about her functional limitations from "family, neighbors, friends, or other persons"); SSR 16-3p (nonmedical sources such as family and friends may

9

provide helpful information to assess the claimant's intensity, persistence, and limiting effects of symptoms and must be considered properly). The Court finds the ALJ used an improper standard to assess them, and remand is required.

In addition, the law is clear that an ALJ may not discredit a claimant's testimony about his symptoms "solely because there is no objective medical evidence supporting it." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (citing 20 C.F.R. § 404.1529(c)(2)); *see also Johnson v. Barnhart*, 449 F.3d 804, 806 (7th Cir. 2006) ("The administrative law judge cannot disbelieve [the claimant's] testimony solely because it seems in excess of the 'objective' medical testimony."). Even if a claimant's symptoms are not supported *directly* by the medical evidence, the ALJ may not ignore *circumstantial* evidence, medical or lay, which does support a claimant's credibility and must consider all relevant evidence in the record to construct the RFC, including the testimony of a claimant's friends and family. *Murphy v. Colvin*, 759 F.3d 811, 817 (7th Cir. 2014); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir. 2003). Here, there is other evidence in the record from Claimant's mother and sister-in-law that corroborate his testimony, but the ALJ erroneously dismissed that testimony without sufficient analysis, which requires remand.

## CONCLUSION

For the reasons set forth above, Claimant's Motion for Summary Judgment [ECF No. 13] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 14] is denied. This matter is remanded to the Social Security

Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 21, 2024